**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WACHOVIA BANK, N.A.**                                                                    **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 1:08CV267 HSO-JMR**

**CHARTER BANK, GREGORY E. CRONIN**                                   **DEFENDANTS**
**AND JAMES ROBERT ("BOB") FAVRE**

<u>**REBUTTAL IN SUPPORT OF WACHOVIA BANK, N.A.'S OBJECTION TO ORDER**
**OF MAGISTRATE JUDGE**</u>

  Plaintiff Wachovia Bank, N.A. ("Wachovia") files this Rebuttal in Support of its

Objection [Doc. 190] to Order of Magistrate Judge dated August 2, 2010 [Doc. 187] in

accordance with L.U.Civ. R. 72(a)(1)(A) and respectfully states as follows:

  1.  Charter Bank contends that Wachovia has waived the right to assert that

investments in Charter Bank as of March 31, 2008 are relevant.  This argument is meritless.  In

its Motion to Compel [Doc. 144], Wachovia specifically asked the Court to order production of

"a list of all Charter shareholders who were Wachovia employees or customers at the time the

investor list was prepared along with amounts invested prior to March 15, 2009."  Motion [Doc.

144] at p. 5.  Wachovia unquestionably argued the relevance of the investment amounts prior to

March 15, 2009 when it filed its Motion to Compel.  Amounts invested as of March 31, 2008 fall

within this time frame.

  2.  When Wachovia filed its Motion to Compel, it also argued that the investor list

was relevant to proof of breach of duty, proximate causation and damages.  Motion [Doc. 144] at

pp. 2-3, ¶ 7.  In its Rebuttal Memorandum in Support of Motion to Compel [Doc. 150],

Wachovia further argued the relevance of the investor list to both liability and damage issues.

  3.  When the Magistrate Judge entered his Order [Doc. 187], he ruled that the

investor list was relevant and that Charter Bank had to "produce from the unredacted list of

potential investors, only those potential investors who were Wachovia employees or customers on from 2005 to July 1, 2007 and the amounts they invested in Charter and First Premier Banks up to July 1, 2007." Order [Doc. 187] at p. 3.

4.      The Magistrate Judge did not state in his Order why the amounts invested after July 1, 2007 did not need to be produced.  The cut-off date of July 1, 2007 is an arbitrary date that has deprived Wachovia of evidence relevant to its claims against Defendants.  The names of the Wachovia customers on the list are evidence that Gregory Cronin ("Cronin") and Robert Favre ("Favre") were soliciting investments in Charter in violation of their fiduciary duties to Wachovia.  The cut-off date of July 1, 2007, however, hinders Wachovia's ability to prove which wrongfully solicited customers invested in Charter Bank as a proximate result of the wrongful solicitation.  It also deprives Wachovia of the opportunity to prove the amounts invested in Charter Bank by Wachovia customers and to prove the percentage of the capital investment in Charter Bank that came from the wrongfully solicited Wachovia customers.  The Magistrate Judge's Order is contrary to law because it fails to order Charter Bank to produce information that is relevant to both liability and damage issues.

5.      In its Objection to Order of Magistrate Judge [Doc. 190], Wachovia attached Exhibits 2 through 4, which included Charter Bank stock offering information and March 31, 2008 financial statements filed by Charter Bank with the FDIC, to demonstrate that the cut-off date of July 1, 2007 for disclosure of the amounts invested is arbitrary and how it affects the ability of Wachovia to establish what percentage of Charter Bank's capital came from wrongfully solicited Wachovia customers.  Wachovia did not file these exhibits with the Magistrate Judge in support of the Motion to Compel because until the Magistrate Judge entered his Order on August 2, 2010, there was no arbitrary cut-off date of July 1, 2007 that was at issue.

Furthermore, when Wachovia filed the Motion to Compel, only a totally redacted potential

investor list had been produced.  Not until August 11, 2010 when Charter Bank produced the list

that contained the Wachovia customer names was Wachovia even able to contrast the almost

$3,700,000 investment made by the Wachovia customer organizers of Charter Bank on the list as

of July 31, 2007 to the $1,100,000 investment made by those same Wachovia customer

organizers as of July 1, 2007.  Those documents demonstrate not only the relevance of the

amounts invested in Charter Bank by the Wachovia customers solicited by Cronin and Favre, but

also how the arbitrary July 1, 2007 cut-off date is clearly erroneous and contrary to law.

6.      Charter Bank has continued to argue that the investor list is irrelevant because the

Complaint does not specifically allege that the Defendants solicited Wachovia customers to

invest in Charter Bank, but the Magistrate Judge rejected that argument and Charter Bank has not

appealed that part of the Magistrate Judge's ruling.  Moreover, Wachovia clearly alleged in the

Complaint that Defendants breached fiduciary duties by "conspiring with others at Charter to

willfully and maliciously pursue pecuniary and other interests adverse to Wachovia."  Compl., ¶

38.  When Defendants questioned Wachovia in a 30(b)(6) deposition, Fred Osing, as Wachovia's

representative, clearly and unequivocally testified that Wachovia took the position that Cronin

wrongfully "solicited Wachovia customers to be investors."  See Excerpts of 30(b)(6) deposition

of Wachovia attached hereto as Exhibit 5.  Charter Bank's argument that the investor list is

irrelevant and outside the scope of the Complaint is meritless.

7.      While Cronin and Favre had the right to solicit investors for Charter Bank after

they left Wachovia's employment, they did not have the right to solicit Wachovia customers to

be investors in Charter Bank while they were still Wachovia officers even if they did not collect

the money until after they were no longer working for Wachovia.  The potential investor list was

created before Cronin and Favre left Wachovia and many, if not all, Wachovia customers on that list were solicited before Cronin and Favre left Wachovia.  The amounts those Wachovia customers invested in Charter Bank by March 2008 when Charter Bank opened its doors are relevant to Wachovia's claims against Defendants.

8.     Finally, Charter Bank's concern about customer confidentiality has already been addressed by the Court with a confidentiality order.  Any additional confidentiality concerns can be addressed by further Court order if necessary.

9.     Wachovia requests that the District Judge modify the Magistrate Judge's Order to state:  "Defendants must produce from the unredacted list of potential investors, only those potential investors who were Wachovia employees or customers on from 2005 to July 1, 2007 and the amounts they invested in Charter and First Premier Banks up to March 31, 2008."  Using a cut-off date of March 31, 2008 will allow Wachovia to determine what portion of the $16,814,000 capital investment in Charter Bank came from the list of potential investors developed before Favre resigned from Wachovia.  It will not be difficult for Defendants to comply with this modified order.

WHEREFORE, premises considered, Wachovia requests that the District Judge modify the Magistrate Judge's Order to state:  "Defendants must produce from the unredacted list of potential investors, only those potential investors who were Wachovia employees or customers on from 2005 to July 1, 2007 and the amounts they invested in Charter and First Premier Banks up to March 31, 2008."   Wachovia further requests any other relief to which it is entitled.

THIS, the 3rd day of September, 2010.

Respectfully submitted,

WACHOVIA BANK, N.A.

By Its Attorneys
WATKINS LUDLAM WINTER & STENNIS, P.A.

By:  /s/ Neville H. Boschert
         Neville H. Boschert

Neville H. Boschert (MSB No. 3697)
H. Mitchell Cowan (MSB No. 7734)
April D. Reeves (MSB No. 100671)
WATKINS LUDLAM WINTER & STENNIS, P.A.
190 East Capitol Street, Suite 800 (39201)
P.O. Box 427
Jackson, MS  39205-0427
Telephone:     (601) 949-4900
Facsimile:      (601) 949-4804
nboschert@watkinsludlam.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2010, I electronically filed the foregoing with the

Clerk of the Court using the ECF system which sent notification of such filing to the following:

Robert C. Galloway, Esq.
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Drawer 4248
Gulfport, MS  39502

Jeffrey A. Walker, Esq.
Kyle V. Miller, Esq.
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS  39225-2567

John G. Corlew, Esq.
Katherine K. Smith, Esq.
Corlew Munford & Smith PLLC
P.O. Box 16807
Jackson, MS  39236

/s/ Neville H. Boschert
Neville H. Boschert