**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WACHOVIA BANK N.A.**                                                  **PLAINTIFF**

**v.**                                         **Civil Action No. 1:08cv267HSO-JMR**

**CHARTER BANK, GREGORY E. CRONIN**
**and JAMES ROBERT FAVRE**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DENYING WACHOVIA BANK'S MOTION FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT is the Motion [169] of Plaintiff Wachovia Bank, N.A. ("Wachovia"), for Partial Summary Judgment, in the above captioned cause. Defendants Charter Bank ("Charter"), Gregory C. Cronin, and James Robert Favre, have filed a Joint Response [178], and Wachovia a Rebuttal [186]. After consideration of the submissions, the record in this case, and the relevant legal authorities, and because the Court concludes that genuine issues of material fact remain for trial, Wachovia's Motion must be denied.

## I.  BACKGROUND

Wachovia is a full service, federally-chartered national banking association engaged in providing a variety of banking and other financial services to the citizens of the Mississippi Gulf Coast. In 2004, Wachovia acquired SouthTrust Bank, N.A. ("SouthTrust"). After this merger, Gregory C. Cronin and James Robert Favre, both of whom had previously worked for SouthTrust, became President and Risk Manager, respectively, of Wachovia's Mississippi Gulf Coast Region.

Wachovia contends that while it employed Cronin and Favre, they violated Wachovia's Code of Conduct and Ethics, and their fiduciary duties of loyalty and trust.  Specifically, Wachovia alleges that Cronin and Favre began working with other Wachovia employees, officers, and directors to organize First Premier Corporation ("First Premier").  First Premier is a Mississippi corporation which was incorporated on February 22, 2007, for the purpose of facilitating the operation and funding of a new bank, Charter Bank.  On July 31, 2007, Charter's organizers, including Cronin and Favre, filed an Application for a charter with the Mississippi Department of Banking and Consumer Finance.  The new bank received its charter in November 2007, and opened for business in March 2008.

Cronin and Favre worked for Wachovia from 2005 until April 2, 2007, and June 28, 2007, respectively, when each voluntarily resigned.  They then became employed by First Premier, and later Charter.  Cronin currently serves as Charter's President, and Favre serves as its Chief Lending Officer.  Wachovia asserts that Cronin and Favre, along with other organizers of Charter, intentionally "raid[ed] Wachovia of key customers, employees, officers and directors" in order to "unlawfully harm Wachovia and unlawfully transfer Wachovia's business to Charter." Compl. ¶¶ 14, 24; *see also id.* at ¶ 33.

Wachovia filed its Complaint [1] in this case on June 26, 2008, against Defendants Charter, Cronin, and Favre, asserting claims for breach of loyalty and fiduciary duties, violations of the Mississippi Uniform Trade Secrets Act, MISS. CODE § 75-26-1, *et seq.*, tortious interference with business and employment relations,

civil conspiracy, and unfair competition.  Wachovia now moves for partial summary

judgment on its breach of fiduciary duty claim against all Defendants.[1]

## II. DISCUSSION

A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment

sought shall be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that a moving party is

entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of

summary judgment is to isolate and dispose of factually unsupported claims or

defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V*

*Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary

judgment.  The dispute must be genuine, and the facts must be material.  *See Booth*

*v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to

"materiality," it is important to remember that only those disputes of fact which

might affect the outcome of the lawsuit under the governing substantive law will

preclude summary judgment.  *See id.* (*citing Phillips Oil Company v. OKC Corp.,*

_____

[1]It appears from the Motion that Wachovia seeks partial summary judgment
on the issue of liability as to all claims.  However, in its Memorandum [171],
Wachovia only briefs its entitlement to summary judgment on its breach of
fiduciary duty claim.  To the extent the Motion seeks summary judgment on any of
those other claims, Wachovia has not shown that it is entitled to judgment as a
matter of law, and its Motion will be denied as to those claims as well.

812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial."  *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate.  *See Anderson*, 477 U.S. at 249.  The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *See Gaddis v. Smith & Nephew, Inc.,* 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

Because the Court's jurisdiction in this case is premised upon diversity of citizenship, the Court must apply state substantive law.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938); *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international

-4-

law, the domestic law of another country, or in special circumstances, by
federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

B.  <u>Wachovia's Breach of Fiduciary Duty Claim</u>

Mississippi Code § 81-5-105 defines the standard of care applicable to bank
officers and directors. "[O]fficers and directors shall be deemed to stand in a
fiduciary relationship to their bank...and shall discharge the duties of their
respective positions in good faith and with that diligence, care, judgment and skill
as provided in subsection (2)" of the statute.  MISS. CODE § 81-5-105(1).  Subsection
two provides that:

> [a] director or officer of a bank...shall not be held personally liable to the
> corporation...for monetary damages unless the director or officer acted in
> a grossly negligent manner...or engaged in conduct which demonstrates
> a greater disregard of the duty of care than gross negligence, such as
> intentional tortious conduct or intentional breach of his duty of loyalty or
> intentional commission of corporate waste.

MISS. CODE. § 81-5-105(2).  The minimum level of culpability under the statute is
gross negligence, which is defined as "a reckless disregard of, or a carelessness
amounting to a gross indifference to, the best interests of the bank or bank holding
company or the shareholders thereof, and involves a substantial deviation below the
standard of care expected to be maintained by a reasonably careful person under
like circumstances."[2]  MISS. CODE § 81-5-105(5).

---

[2]Though there is no dispute that § 81-5-105 governs the standard of care
attributable to Cronin and Favre while they were officers at Wachovia, the parties
cite to general corporate law in their briefing on the instant Motion.  The statute is
clear, however, that it is "the sole and exclusive law governing the relation and

Here, Cronin and Favre had a proprietary interest in Charter, which became a competitor of Wachovia's on the Mississippi Gulf Coast.  *See First Premier Start-up Capital and Balance Sheet*, attached as Ex. 20 to Mot.; Charter Application to Dept. of Banking, attached as Ex. 46 to Mot. There is apparently undisputed evidence in the record that, while employed for Wachovia, Cronin communicated with Favre and various Wachovia advisory board members, at least some of whom Wachovia contends were its customers, about starting a new bank.  *See* Cronin Dep. at pp. 67-69, 76-78, attached as Ex. "24" to Mot.; Favre Dep. at p. 59, attached as Ex. 9 to Mot.  There is also evidence that Cronin and Favre took steps to form Charter while they were still employed at Wachovia, and that Wachovia advisory board members were involved in the planning process.  *See, e.g.*, Feb. 2007 e-mails, attached as Ex. 15 & 16 to Mot.; Feb. 21, 2007, Check payable to First Premier, attached as Ex. "13" to Mot.

However, there are also material disputes of fact in the record evidence, such as whether Wachovia employees were actually solicited by Cronin and Favre to work for Charter.  *See., e.g.*, March 22, 2007, e-mail from Kinsey, attached as Ex. 23 to Mot.; Kinsey Dep. at pp. 32, 42-43, attached as Ex. 52 to Mot. and Ex. "C" to Resp.; Iachino Dep. at pp. 32, 38, attached as Ex. "D" to Resp.  Whether or not Cronin and Favre's conduct actually constituted improper solicitation, and whether or not it amounted to gross negligence or other intentional conduct, are material

_____

liability of directors and officers to their bank...."  MISS. CODE § 81-5-105(4).

fact questions for a jury to resolve, rendering summary judgment inappropriate. *See Young v. State Farm Mut. Auto Ins. Co.*, 212 F.3d 594, at * 3 (5th Cir. 2000) (determining "that the question of intent is for a fact finder and is not appropriate for summary judgment"); *Hankins Lumber Co. v. Moore*, 774 So. 2d 459, 464 (Miss. Ct. App. 2000) ("[w]hen reasonable minds might differ on the matter, questions of ...negligence...are generally for determination of jury").

With respect to Charter, though it never owed a direct fiduciary duty to Wachovia, under Mississippi law it could be held liable if it knowingly participated or assisted Cronin or Favre in breaching their fiduciary duties. *See Rain Bird Corp. v. National Pump Company*, LLC, No. 2:02cv18, 2003 U.S. Dist. LEXIS 26792, at *82-84 (N.D. Miss. Dec. 23, 2003) (*citing Knox Glass Bottle Co. v. Underwood*, 89 So. 2d 799, 819-824 (Miss. 1956)). Though Charter did not come into existence until after Cronin and Favre had resigned from Wachovia, Wachovia alleges, and Charter does not dispute, that Charter was the successor in interest to First Premier. Thus, Charter could be held liable for First Premier's actions. Because fact questions exist in this regard as well, summary judgment against Charter would be similarly inappropriate.

### III.  CONCLUSION

Based upon record and the relevant law, partial summary judgment in favor of Wachovia should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [169] of Plaintiff Wachovia Bank, N.A., for

Partial Summary Judgment, filed pursuant to FED. R. CIV. P. 56, should be and hereby is **DENIED**.

      **SO ORDERED AND ADJUDGED**, this the 16th day of September, 2010.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE