IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WACHOVIA BANK N.A.**                                                              **PLAINTIFF**

v.                                                                       Civil Action No. 1:08cv267HSO-JMR

**CHARTER BANK, GREGORY E. CRONIN**
**and JAMES ROBERT FAVRE**                                                  **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**</u>

BEFORE THE COURT are the Motions of Defendant Charter Bank ("Charter") [160], and Defendants Gregory E. Cronin and James Robert Favre [162], for Summary Judgment, in the above captioned cause. Plaintiff Wachovia Bank, N.A. ("Wachovia"), has filed a Combined Response [174] to both Motions. Charter has filed a Rebuttal [182], as have Cronin and Favre [180]. After consideration of the submissions, the record in this case, and the relevant legal authorities, the Court is of the opinion that both Motions should be granted in part and denied in part.

**I. <u>BACKGROUND</u>**

Wachovia is a full service, federally-chartered national banking association engaged in providing a variety of banking and other financial services to the citizens of the Mississippi Gulf Coast. In 2004, Wachovia acquired SouthTrust Bank, N.A. ("SouthTrust"). After this merger, Gregory C. Cronin and James Robert Favre, both of whom had previously worked for SouthTrust, became President and

-1-

Risk Manager, respectively, of Wachovia's Mississippi Gulf Coast Region.

Wachovia contends that while it employed Cronin and Favre, they violated Wachovia's Code of Conduct and Ethics, and their fiduciary duties of loyalty and trust.  Specifically, Wachovia alleges that Cronin and Favre began working with other Wachovia employees, officers, and directors to organize First Premier Corporation ("First Premier").  First Premier is a Mississippi corporation which was incorporated on February 22, 2007, for the purpose of facilitating the operation and funding of a new bank, Charter Bank.  On July 31, 2007, Charter's organizers, including Cronin and Favre, filed an Application for a charter with the Mississippi Department of Banking and Consumer Finance.  The new bank received its charter in November 2007, and opened for business in March 2008.

Cronin and Favre worked for Wachovia from 2005 until April 2, 2007, and June 28, 2007, respectively, when each voluntarily resigned.  They then became employed by First Premier, and later Charter.  Cronin currently serves as Charter's President, and Favre serves as its Chief Lending Officer.  Wachovia asserts that Cronin and Favre, along with other organizers of Charter, intentionally "raid[ed] Wachovia of key customers, employees, officers and directors" in order to "unlawfully harm Wachovia and unlawfully transfer Wachovia's business to Charter." Compl. ¶¶ 14, 24; *see also id.* at ¶ 33.

Wachovia filed its Complaint [1] in this case on June 26, 2008, against Defendants Charter, Cronin, and Favre, asserting claims for breach of loyalty and fiduciary duties, violations of the Mississippi Uniform Trade Secrets Act, MISS. CODE

-2-

§ 75-26-1, *et seq.*, tortious interference with business and employment relations, civil conspiracy, and unfair competition.  Defendants now seek summary judgment on all claims raised against them.

## II.  DISCUSSION

A.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material.  *Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999).  With regard to "materiality," it is important to remember that only those disputes of fact which might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment.  *Id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a

matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson*, 477 U.S. at 249. The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *Gaddis v. Smith & Nephew, Inc.,* 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

Because the Court's jurisdiction in this case is premised upon diversity of citizenship, the Court must apply state substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938); *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

B.   <u>Breach of Fiduciary Duty Claim</u>

For the reasons more thoroughly discussed in the Court's September 16,

2010, Order [210] denying Wachovia's Motion for Partial Summary Judgment on its breach of fiduciary duty claim, material questions of fact remain for trial on this claim, and summary judgment in favor of Defendants on this point must be denied.

C.  Mississippi Uniform Trade Secrets Act Claim

Wachovia asserts a claim against all Defendants pursuant to the Mississippi Uniform Trade Secrets Act ("MUTSA"), MISS. CODE § 75-26-1, et seq., alleging that:

> Defendants Cronin and Favre have willfully and maliciously utilized trade secrets and other confidential information of Wachovia to their personal benefit and to the benefit of Charter in violation of the Mississippi Uniform Trade Secrets Act, Miss. Code § 75-26-1, et seq.... [and] have further willfully and maliciously conspired among themselves and with others at Charter to induce other key employees of Wachovia to divulge and misappropriate trade secrets from Wachovia in violation of the Mississippi Uniform Trade Secrets Act....

Compl. ¶ 41.

To the extent Wachovia asserts a claim under the MUTSA for the actions of Cronin and Favre while they were employed at Wachovia, this claim is preempted by MISS. CODE § 81-5-105, which provides the "sole and exclusive law governing the relation and liability of directors and officers to their bank...." MISS. CODE. § 81-5-105(4). Moreover, based upon the record evidence, Wachovia has not carried its summary judgment burden on its MUTSA claim.

The MUTSA creates a cause of action for the misappropriation of another's trade secrets when those secrets are accessed by improper means. *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber, Inc.*, No. 2:07cv119, 2010 WL 234996, at *3 (N.D. Miss. Jan. 15, 2010). "Trade secret" is defined under the Act as "information,

including a formula, pattern, compilation, program, device, method, technique or process," that:

> (i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
> (ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

MISS. CODE § 75-26-3(d). "Improper means" includes "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." MISS. CODE § 75-26-3(a). "Misappropriation," under the Act, involves:

> (i) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (ii) Disclosure or use of a trade secret of another without express or implied consent by a person who:
> 1. Used improper means to acquire knowledge of the trade secret; or
> 2. At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:
>    a. Derived from or through a person who had utilized improper means to acquire it;
>    b. Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>    c. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limits its use; or
> 3. Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

MISS. CODE § 75-26-3(b).

Here, Defendants have submitted evidence that neither Cronin nor Favre misappropriated trade secrets. *See* Osing Dep. at p. 167, attached as Ex. 3 to Cronin & Favre's Mot. Fred Osing, Wachovia's Federal Rule of Civil Procedure 30(b)(6) deponent, testified that he has no evidence that Defendants ever used any confidential information. *See* Osing 30(b)(6) Dep. pp. 53-60, 67-68, 125-128, attached as Ex. 4 to Cronin & Favre's Mot. Mr. Osing also testified as follows:

> Q: ...Tell me what knowledge you have, if you have any knowledge, of a misappropriation of Wachovia trade secrets by Mr. Cronin.
> A: I can't speak on the personal knowledge of it, no.
> Q: What about Mr. Favre?
> A: No, sir.

Osing Dep. at p. 167, attached as Ex. 3 to Cronin & Favre's Mot. Wachovia's expert witness testified similarly:

> Q: Do you know of any intellectual property, trade secrets or secret processes that Mr. Favre or Mr. Cronin took from Wachovia Bank?
> A: Without reviewing the policies and procedure manuals for Charter Bank, I could not cite any.

Morrow Dep. at p. 124, attached as Ex. 7 to Cronin & Favre's Mot.

Osing also testified in his individual deposition that customer account information of "Mr. N" was emailed from Favre to Cronin, after Cronin's resignation from Wachovia, but later admitted that he had no proof that it was not transmitted at the customer's request. *See* Osing Dep. at pp. 129, 220 attached as Ex. 3 to Cronin & Favre's Mot. Finally, in support of their contention that a credit loan application, which was emailed from a Wachovia employee to a Charter employee, was not subject to special secrecy procedures, Defendants have produced unrebutted

evidence that the application was located on Wachovia's public domain.  *See* Osing Dep. at p. 159-60, attached as Ex. "3" to Cronin & Favre's Mot.

Wachovia confesses that it "has no proof that Cronin and Favre took any confidential Wachovia documents with them or used any of Wachovia's confidential information wrongfully."  Mem. in Supp. of Resp. at p. 9.  Wachovia instead argues, without citing to any record evidence, that Cronin and Favre had access to confidential customer information and used that confidential customer information to solicit Wachovia customers to invest in Charter.  *Id*.  Wachovia does not address the release of the credit loan application or the transfer of "Mr. N"'s account to Cronin.

Even if the Court were to consider Wachovia's Motion [169] for Partial Summary Judgment and its supporting Memorandum [171], both of which are incorporated by reference into its Response to Defendants' Motions, Wachovia has not pointed to any evidence that Defendants actually misappropriated any trade secrets.  Nor has Wachovia identified a specific trade secret which it claims was misappropriated, along with competent summary judgment evidence that the item was in fact a trade secret.  It is not the duty of the Court to sift through the record to identify such evidence.  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.").  Wachovia's Response on this issue essentially reiterates its breach of fiduciary duty allegations, and states that "[w]hether Cronin and Favre actually misused

Wachovia trade secrets when violating their fiduciary duties is a jury question." Resp. at p. 10.

In opposing summary judgment, however, Wachovia must come forward with "specific facts" showing a genuine factual issue for trial. FED. R. CIV. P. 56(e). Without offering supporting evidence, Wachovia addresses the trade secrets claim with unsupported arguments that because Cronin and Favre had access to confidential customer information during their employment at Wachovia, and because former Wachovia customers have invested in Charter, Cronin and Favre necessarily misappropriated Wachovia trade secrets in violation of the MUTSA. "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). Based on the record before the Court, summary judgment on this particular claim is appropriate.

D.      <u>Tortious Interference with Contract and Business Relations Claims</u>

"Tortious interference with performance of a contract occurs when one causes another to breach a contract with a third person." *McBride Consulting Service, LLC v. Waste Management of Miss., Inc.*, 949 So. 2d 52, 55 (Miss. Ct. App. 2006) (*citing Par Industries, Inc. v. Target Container Co.*, 708 So. 2d 44, 48 (Miss. 1998)). In contrast, "[t]ortious interference with business relations...occurs when one unlawfully diverts prospective customers away from another's business." *Id.* To support a claim under either tort, the plaintiff must prove: (1) the offending acts

were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual damages and loss resulted. *Id.* (*citing Scruggs, Millette, Bozeman & Dent, P.A. v. Merkel & Cocke, P.A.*, 910 So. 2d 1093, 1098 (Miss. 2005)).

On a tortious interference with contract claim, a plaintiff must also establish the existence of an enforceable contract, and that the contract would have been performed "but for" the alleged interference. *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, 48 (Miss. 1998).

> The element of willfulness and calculation does not require a showing on the part of the plaintiff that defendant had a specific intent to deprive plaintiff of contractual rights. Rather, the requisite intent is inferred when defendant knows of the existence of a contract and does a *wrongful act without legal or social justification that he is certain or substantially certain will result in interference with the contract.*

*Id.* (emphasis in original) (*quoting Liston v. Home Ins. Co.*, 659 F. Supp. 276, 281 (S.D. Miss. 1986)). "The general rule in [Mississippi] is that there is no tortious interference when one has a justifiable interest and reason for acting." *Vestal v. Oden*, 500 So. 2d 954, 957 (Miss. 1986).

Defendants argue that Wachovia has presented no evidence to support these claims, and that any solicitation of Wachovia employees or customers occurred as a legitimate business activity to further the interest of Charter. Defendants further assert that any Wachovia employees who may have been solicited to work for

Charter were at-will employees who were free to decide for whom they wished to work. Wachovia, in response, essentially reiterates the arguments advanced in support of its breach of fiduciary claim in its Motion for Partial Summary Judgment, contending that "a fiduciary...is not entitled to solicit his employer's customers or employees *while still employed*." Resp. at 10 (emphasis added).

To overcome summary judgment on its tortious interference with contract or business relations claims, Wachovia must set forth "specific facts" creating a genuine issue for trial based upon the conduct of Cronin and Favre *after* their resignations from Charter. This is because, as a matter of law, Wachovia's breach of fiduciary duty claim is its exclusive remedy against Cronin and Favre for the period of time during which they were employed at Wachovia. *See* MISS. CODE § 81-5-105(4) (providing the "sole and exclusive law governing the relation and liability of directors and officers to their bank..."). Any claims based on Cronin's and Favre's conduct which occurred during their tenures at Wachovia are subsumed by the statute. *See id.* Wachovia may also overcome its summary judgment burden by setting forth "specific facts" creating a genuine issue for trial that others at First Premier or Charter tortiously interfered with Wachovia contracts or its business relations.

Wachovia has not cited to any record evidence in its Response to support these claims. Nor has Wachovia contended that the allegations forming the basis of these claims were performed by others at First Premier or Charter, or otherwise occurred after Cronin's and Farve's resignations. To the contrary, Wachovia relies

-11-

exclusively on Cronin's and Favre's conduct while they were still Wachovia employees. *See* Resp. at p. 10 ("Because Cronin and Favre solicited Wachovia customers and employees while still officers of Wachovia, their solicitation was wrongful and not privileged. Accordingly, Defendants are not entitled to summary judgment on Wachovia's tortious interference with business relations and employment relations claim."). Though Wachovia's briefing also directs the Court to certain pages contained in its Motion for Partial Summary Judgment [169], that Motion pertained only to its breach of fiduciary duty claim, and did not address the tortious interference with contract and business relations claims.

The Court is not required to sift through the record in search of evidence to support a party's claims. "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court...." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (*citing Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (*quoting Ragas*, 136 F.3d at 458).

Wachovia has not directed the Court to competent summary judgment proof establishing a material fact question for trial on its claims for tortious interference with contract and business relations. Summary judgment is appropriate on these claims.

E.  <u>Civil Conspiracy Claim</u>

Under Mississippi law, a conspiracy is "a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Roussel v. Hutton*, 638 So. 2d 1305, 1315 (Miss. 1994) (*quoting Shaw v. Burchfield*, 481 So. 2d 247, 255 (Miss. 1985)).  Because genuine issues of material fact remain for trial on Wachovia's breach of fiduciary duty claim as to all Defendants, at least at this juncture material fact questions remain for trial on this claim as well, and summary judgment must be denied.  *See Rain Bird Corp. v. National Pump Company*, LLC, No. 2:02cv18, 2003 U.S. Dist. LEXIS 26792, at *82-84 (N.D. Miss. Dec. 23, 2003).

F.  <u>Unfair Competition Claim</u>

Defendants contend that Wachovia has advanced only a generic allegation of unfair competition, and has produced no evidence to support it.  In its Response, Wachovia does not address, or even mention, its unfair competition claim. "[F]ailure to pursue [a] claim beyond [the] complaint constitute[s] abandonment." *Black v. North Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding that plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in her response to motion to dismiss).  Nor has Wachovia carried its summary judgment burden in responding to this claim.  For the foregoing reasons, the Court will grant summary judgment on this claim.

G.  <u>Damages</u>

The parties dispute whether Wachovia has carried its summary judgment

burden on the question of damages. The parties cite to the opinions of Wachovia's expert, J.F. Morrow. However, any decision on the damages issue is premature at this juncture, particularly given the Defendants' pending Motion [164] to Exclude Testimony of Plaintiff's Expert J.F. Morrow, which the Court has scheduled for hearing.

### III.  CONCLUSION

Based upon record and the relevant law, Defendants' Motions for Summary Judgment should be granted in part, and denied in part. Wachovia's claims pursuant to the Mississippi Uniform Trade Secrets Act, Miss. Code § 75-26-1, *et seq.*, as well as its tortious interference with contract and business relations claims, and its unfair competition claim, should be dismissed. The case will proceed to trial on Wachovia's breach of fiduciary duty and conspiracy claims.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [160] of Defendant Charter Bank, for Summary Judgment, filed pursuant to FED. R. CIV. P. 56, should be and hereby is **GRANTED IN PART and DENIED IN PART**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [162] of Defendants Gregory E. Cronin and James Robert Favre , for Summary Judgment, filed pursuant to FED. R. CIV. P. 56, should be and hereby is **GRANTED IN PART and DENIED IN PART**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Wachovia's claims pursuant to the Mississippi Uniform Trade Secrets Act, Miss.

Code § 75-26-1, *et seq.*, as well as its tortious interference with contract and business relations claims, and its unfair competition claim, should be and hereby are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of September, 2010.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE